IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD JAMES BREWER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4918-N-BN |
| | § | |
| LAVOI CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Edward Brewer, appearing *pro se*, against his former employer, Lavoi Corporation, doing business as EPI Breads, and eight of its officeholders and supervisory employees. On December 18, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 5. Because the information that Plaintiff provided in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7. The Court served written interrogatories on Plaintiff to obtain additional

information the factual basis of his suit. *See* Dkt. No. 6. Plaintiff answered the interrogatories on January 6, 2014. *See* Dkt. No. 8. The undersigned then sent a supplemental questionnaire, *see* Dkt. No. 13, to which Plaintiff responded on July 3, 2014, *see* Dkt. No. 14.

In his complaint and interrogatory responses, Plaintiff alleges that he was discriminated against and eventually fired as a result of age, disability, and race, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans With Disabilities Act, and the Fourteenth Amendment of the United States Constitution. *See* Dkt. No. 8 at 2. By this lawsuit, Plaintiff seeks $108,188.40 in compensatory damages and $5,000,000 in punitive damages. *See* Dkt. No. 1 at 3.

The undersigned concludes that Plaintiff has failed to fully exhaust administrative remedies regarding his claims of discrimination based on race and those claims should be dismissed without prejudice; that Plaintiff's claims against the eight supervisory employees must be dismissed with prejudice as redundant; that Plaintiff's 42 U.S.C. § 1983 claims should be dismissed with prejudice; and that Plaintiff's claims of age discrimination and discrimination based on disability should proceed against defendant Lavoi Corporation.

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)   is frivolous or malicious;

>   (ii)   fails to state a claim on which relief may be granted; or
>
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

Before bringing a claim under Title VII, a plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC"). If that charge is denied by the EEOC, the EEOC issues a right-to-sue letter, after which plaintiff has 90 days to file an action. *See Price v. Choctaw Glove & Safety Co.,* 459 F.3d 595, 598 (5th Cir. 2006). A plaintiff must exhaust the administrative process and receive his statutory notice of right-to-sue before filing a civil action in federal court. *See Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-79 (5th Cir. 2002). Failure to file a charge with the EEOC and exhaust administrative remedies before filing a Title VII action will result in dismissal. *See Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996).

**Analysis**

Plaintiff complains that he was discriminated against on the basis of race. *See* Dkt. No. 8 at 1; Dkt. No. 14 at 5-9. He contends that he filed a charge of racial discrimination with the EEOC in November 2012. *See* Dkt. No. 14 at 5. But the Charge of Discrimination that Plaintiff filed with the Texas Workforce Commission Civil Rights Division establishes that he claimed discrimination based on age and disability. *See* Dkt. No. 8 at 7; Dkt. No. 14 at 9. Plaintiff did not check the box marked "race" on the charge form or make any reference to racial discrimination on the part of Defendants. *See id.* As a result, Plaintiff may not bring a racial discrimination claim in federal court. *See Kretchmer v. Eveden, Inc.,* 374 F. App'x 493, 495 (5th Cir. 2010) (plaintiff precluded from asserting gender discrimination claim where he did not

-4-

disclose claim to EEOC in a charge or otherwise); *see also Thomas v. Tex. Dep't of Criminal Justice,* 220 F.3d 389, 395 (5th Cir. 2000). His claim of racial discrimination should therefore be dismissed without prejudice. *See Richardson v. Aetna Ins. Irving, Tex.*, No. 3:07-cv-1611-G-BF, 2008 WL 55126, at *2 (N.D. Tex. Jan. 3, 2008) (summarily dismissing *pro se* complaint for failure to exhaust administrative remedies).

Plaintiff seeks to name as defendants eight individuals who serve as officeholders or supervisors at Lavoi Corporation d/b/a EPI Breads. *See* Dkt. No. 8 at 4; Dkt. No. 14 at 19-31. Title VII provides for liability only as to an employer, as defined in the statutes, not an individual supervisor or fellow employee. *See Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007); *Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir. 1994). This is true regardless of whether the person is sued in his or her individual or official capacity. *See Smith v. Amedisys Inc.,* 298 F.3d 434, 448-49 (5th Cir. 2002). Courts interpret the ADA and ADEA consistent with the provisions of Title VII. *See Webster v. Board of Supervisors of Univ. of La. Sys.,* No. 13-6613, 2014 WL 3899554, at *4 (E.D. La. Aug. 8, 2014); *Appleberry v. Fort Worth Indep. Sch. Dist.*, No. 4:12-cv-235-A, 2012 WL 5076039, at *4-*5 (N.D. Tex. Oct. 17, 2012). Plaintiff does not allege any facts in his complaint or interrogatory answers that support the conclusion that Luisa Garcia, Ricky Romero, Bob Gansel, Nicolas Mulliez, Alan Radda, Joe Leonardo, Jim Kelley, or Alejandro Araujo were his employers. *See Jackson v. Federal Express Corp.,* No. 3:03-cv-2341-D, 2006 WL 680471, at *14 (N.D. Tex. Mar. 14, 2006) (dismissing Title VII claim against co-worker, noting that Title VII does not permit the imposition of liability upon an individual who does not meet the

statutory definition of "employer"); *see also Chavez v. McDonald's Corp.,* No. 3:99-cv-1718-D, 1999 WL 814527, at *2 (N.D. Tex. Oct. 8, 1999) (dismissing Title VII claim brought against supervisor in his individual capacity). And the United States Court of Appeals for the Fifth Circuit's "cases make plain that the term 'employer' does not include a hiring or supervisory official in his personal or individual capacity." *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). An official capacity suit is redundant of any suit against the employer, and a plaintiff may not maintain a discrimination action against both the employer and supervisor. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Plaintiff's Title VII, ADEA, and ADA claims against the eight supervisory defendants should therefore be dismissed with prejudice.

Plaintiff also seeks to bring 42 U.S.C. § 1983 civil rights claims against all defendants for violations of his constitutional rights under color of state law. *See* Dkt. No. 14 at 16-17. That is, he contends that the defendants should be held liable for constitutional violations because they "are corporation[s] and private citizens working under state laws, city policies, and federal constitutional values." *Id.* at 16. But Section 1983 affords redress only for conduct committed by a person or entity acting under color of state law – it does not ordinarily involve conduct of a private citizen or corporation. *See Thibodeaux v. Bordelon,* 740 F.2d 329, 332-33 (5th Cir. 1984). Plaintiff's complaint and interrogatory responses establish that these defendants did not act under color of state law. Instead, Plaintiff wishes to hold them liable under Section 1983 under the theory that their discriminatory conduct has made them state

actors and subjected them to lawsuit for violation of his constitutional rights. *See* Dkt. No. 14 at 16-17. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation omitted). Plaintiff has not established that any of these defendants acted under color of state law; accordingly, his Section 1983 claims should be dismissed with prejudice.

That leaves Plaintiff's claims of age- and disability-based discrimination against Lavoi Corporation d/b/a EPI Breads. Plaintiff has alleged sufficient facts in his complaint and interrogatory answers to state a claim for violations of the Age Discrimination in Employment Act and the Americans With Disabilities Act. Consequently, he should be permitted to prosecute these claims against Lavoi Corporation, and that defendant should be served by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

**Recommendation**

Plaintiff's claims of discrimination based on race should be summarily dismissed without prejudice for failure to exhaust remedies; his claims against the eight supervisory employees should be dismissed with prejudice as redundant; his 42 U.S.C. § 1983 claims should be dismissed with prejudice; and his claims of age discrimination and discrimination based upon disability should proceed against defendant Lavoi Corporation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE